## UHE v. CHICAGO, M. & ST. P. RY. CO.

1. The case of Bailey v. Railway Co., 3 S. D. 531, 54 N. W. Rep. 596, (decided
   at the present term,) relating to the proper measure of damages when
   trees are negligently destroyed by fire or otherwise, is approved.
2. When a witness in his testimony voluntarily refers to a conversation
   he had with another party,—which conversation was not shown to
   relevant to the case on trial,—for the purpose of fixing the time he
   first had knowledge of the facts to which he was testifying, the oppo-
   site party is not entitled to have the full details of that conversation,
   if objection is made.
3. It is error to enter judgment in a case when, after verdict, a stay of
   all proceedings has been ordered by the court, if the entry of the
   judgment was within the time in which the order is operative.
4. In an action for the breach of an obligation not arising from contract
   it is a substantial error for the court to direct the jury to assess in-
   terest upon the amount of damages. The question of interest should
   be left to the discretion of the jury. See section 4578, Comp. Laws.

(Syllabus by the Court. Opinion filed Feb. 24, 1893.)

Appeal from circuit court, Turner county.

Action for damages for the destruction of plaintiff's property by fire. Plaintiff had judgment. Defendant appeals. Reversed.

The facts are stated in the opinion.

*Winsor & Kittredge*, for appellant.

The proper measure of damages when standing trees are negligently destroyed by fire is the difference between the value of the realty with the trees upon it and the value of the realty after the trees were destroyed. Sections 2678, 2679, 2689, Comp. Laws; Carner v. Railroad, 45 N. W. 713; Hayes v. Railroad, 47 N. W. 261; Argotsinger v. Vines, 82 N. Y. 309; Van Deusen v. Young, 29 N.Y. 9; Carst v. Railroad, 22 Minn. 118; Esterbrook v. Railroad, 51 Barb. 94; Curtis v. Baugh, 77 Ill. 242; Bristol v. Gridley, 28 Conn. 201.

After the verdict had been rendered a stay of all proceedings was obtained by the defendant. The entry of judgment during the stay period was erroneous. Wallace v. Wallace, 13 Wis. 224. Under the statutes of this state, providing that exceptions to the giving, changing, modifying or refusing any instruction may be taken at any time before the entry of final judgment in the case, the exception of appellant to the instructions of the court were taken in time, even though a final judgment was entered during the stay period.

It was error for the court to instruct the jury to assess interest upon the amount of any damages they might find due the plaintiff. Ell v. Railroad, 48 N. W. 222; Johnson v. Railroad, 48 N. W. 227; section 4578, Comp. Laws.

*Palmer & Rogde*, for respondent.

The proper measure of damages when standing trees have been negligently destroyed by fire is the value of the trees. Railroad v. Crum, 46 N. W. 217; White v. Railroad, 1 S. D. 326. Exceptions to instructions given by the court to the jury of its own motion must be taken before the jury retires. St. Croix v. Pennington, 2 Dak. 467; Kennedy v. Folde, 29 N. W. 667; Stuckie v. Fretsceh, 46 N. W. 55; Watson v. Roude, 49 N. W. 491; Stringham v. Cook, 75 Wis. 589; Barker v. Todd, 34 N. W. 895.

BENNETT, P. J.  The complaint in this case alleges that the defendant negligently destroyed by fire the property of the plaintiff.  The answer is a general denial.  A trial before a jury resulted in a verdict sustaining the allegations of the complaint, and judgment was rendered for the amount of the property alleged to be destroyed.  From this judgment the defendant appeals.

The assignment of errors raises three questions for determination:  First.  What is the proper measure of damages where growing trees are negligently destroyed by fire, and how shall it be determined?  Second.  Was it error in refusing to allow the witness Stone to give all of a conversation, a part of which it is alleged had been brought out on examination?  Third.  Did the court err in denying defendant's motion to open the judgment for the purpose of allowing defendant to incorporate, prior to the judgment, an exception to that part of the charge of the court given to the jury which relates to interest upon the amount they found due the plaintiff.

So far as the first question is concerned, it has been settled in the case of Bailey v. Railway Co., 3 S. D. 531, 54 N. W. Rep. 596, (decided at the present term,) where the same question in relation to the measure of damages was raised.  The reasoning and conclusion in that case, upon this point, is conclusive, and we must hold this assignment not well taken.

As to the second question,—whether there was error of the court in not permitting the witness Stone to detail all of a conversation, a part of which it was alleged had been brought out by the plaintiff on examination.  It appears from the abstract that a witness for the defense, by the name of Stone, on cross-examination, stated that "the first time the company knew of my knowledge of this case was after the verdict had been brought in in the Haugen case.  Mr. Kennedy and I was talking of the case, and he mentioned some of the testimony."  On redirect examination the witness was asked to state the balance of the conversation he had with Mr. Kennedy on the afternoon of the Haugen trial.  The plaintiff objected to the witness answering, for the reason that the plaintiff did not call for the conversation said to have occurred between Mr. Kennedy and the witness, and the plain-

tiff could not be held responsible for a voluntary remark, not responsive to a question, made by witness. The objection was sustained by the court. By an examination of the question, and answer of the witness, it will be seen the witness did not give or attempt to give any of the conversation had between Mr. Kennedy and himself on the cross-examination. Therefore the rule of evidence that, when a person calls out a portion of a conversation, the opposite party is entitled to have the benefit of the full conversation, does not apply. The object of the cross-examination was not to bring out any conversation the witness had with Mr. K., but to ascertain the first period of time when the defendant had knowledge of the fact that the witness knew anything of the case, which he located by a conversation he had with Mr. K. after the verdict in the Haugen case was returned. What was said between them at that time in relation to that case was entirely irrelevant and immaterial, and the conversation was only referred to by the witness to establish the fact that he knew anything material for the defense. The court did not err in sustaining the objection of plaintiff.

The next point for consideration involves the construction of section 5049, Code Civil Proc., which reads as follows: "All instructions given by the judge shall be read to the jury in the following order: First, defendant's instructions by defendant's counsel; second, plaintiff's instructions by plaintiff's counsel; third, instructions given by the judge of his own motion, if any, by the judge giving the same; and all instructions so read shall be taken by the jury in their retirement, and returned into court with their verdict. Exceptions to the giving or refusing any instruction, or its modification or change, may be taken at any time before the entry of final judgment in the case." On the 12th day of February, 1891, the court made the following order in the case: "It is ordered that defendant have sixty days time in which to prepare and serve notice of intention and motion for new trial herein, and that all proceedings be stayed in the mean time." On the 27th day of February, 1891, judgment was entered upon the verdict in favor of the plaintiff and against the defendant. On the 10th day of June following, the defendant gave notice that he

would move to open the judgment entered therein, for the purpose of having incorporated into the bill of exceptions an exception to a part of the charge of the court given to the jury trying the case. The motion was denied by the court, and to this ruling the defendant excepted. Should the judgment which was entered after the order of the court staying all proceedings in the case, and while the order was in force, have been set aside upon motion of defendant? The word "proceedings" has acquired a peculiar and appropriate meaning in law. To ascertain what the meaning is we must look to the standard law dictionaries and reported cases. Judge GARDINER, in the case of Morewood v. Hollister, 6 N. Y. 319, said that "the term 'proceedings,' in its more general sense in law; means all the steps or measures adopted in the prosecuting or defense of an action." This definition was adopted by the judge delivering the opinion in the case of Gordon v. State, 4 Kan. 501. It may mean more than the record history of a case. It is undoubtedly sometimes used in the restrictive sense. In its ordinary acceptation, the word, when unqualified except by the subject to which it applies, includes the whole of the subject. Thus the proceedings of a suit embrace all matters that occur in its progress judicially; proceedings upon a trial, all that occurs in that part of the litigation. Morewood v. Hollister, *supra.* The definition given by Bouvier (volume 2, p. 340) is the steps or measures taken in the course of an action, including all that are taken. The proceedings in a suit embrace all matters that occur in its progrss judicially. And. Law. Dict. 816. Judge. NIBLACK, in the case of Yeager v. Wright, 112 Ind. 235, 13 N. E. Rep. 707, says: "The word 'proceedings,' in a judicial sense, is much more comprehensive than that of 'judgment;' the former very frequently including the latter." We therefore are of the opinion that when a court orders the stay of all proceedings in an action it arrests and suspends anything which pertains to its progress as such action, except such steps which operate incidentally to the purpose for which the stay of proceedings was obtained, or which are not dependent upon or connected with the order. The judgment in this case having been entered after the order staying the proceedings had been obtained, and within the

time in which it was operative, was a violation of the order, and we think it should have been set aside upon the motion made for that purpose. But this error, if it is one, will result in no injury to the defendant in the case at bar, because the object of having the judgment set aside was to interpose an objection to the giving of the instruction to the jury that, "in addition to the value of the property, they should compute interest upon said sum at the rate of seven per cent. per annum from the date at which the loss occurred." The error in this instruction, if any at all, is in not leaving to the discretion of the jury the question of interest on the amount of damages. This is an action sounding in tort, and our Civil Code (section 4578) controls. It is as follows: "In an action for the breach of an obligation not arising from contract, and in every case of oppression, fraud, or malice, interest may be given, in the discretion of the jury." Failure to leave this question to the discretion of the jury, we think was an error, but one which can be rectified by this court without delay and expense of a new trial. It appears on the face of the record, in the wording of the instruction.

So far as the question of the manner and regularity of giving the instructions to the jury is concerned, we fail to see from the record how we can determine that question. There is nothing found in the record which will warrant us in saying that the instructions were not given to the jury explicitly, as pointed out by the statute; that is, that the defendant read its instructions to the jury, and that plaintiff read his, and that the court's were reduced to writing and read to the jury, and that the instructions so read were taken by the jury on their retirement, and returned into court with their verdict. No error on this point appears in the record. It cannot be presumed. All reasonable presumptions are in favor of the regularity of the proceedings of the court below, and the party alleging error must specifically point it out. The error, however, in giving the instructions in relation to the assessment of interest was substantial in its character, and will render it necessary to vacate the judgment, and grant a new trial, unless the plaintiff shall elect to deduct the amount of the interest upon the value of the property destroyed. This is easy of as-

certainment from the verdict, as the damages were assessed at $700, exclusive of interest. The plaintiff, at his option, may apply to the circuit court in which the case was tried, and have the judgment modified by entering judgment for $700, with costs and disbursements and interest thereon from date of verdict, except the costs of this appeal, which are to be taxed against respondent; otherwise, a new trial will be granted. All the judges concur.