No. 59,623

STATE OF KANSAS, *Appellant*, v. DANELL J. MAGNESS, *Appellee*.

(732 P.2d 747)

Opinion filed February 20, 1987.

*Debra Barnett*, assistant district attorney, argued the cause, and *Robert T. Stephan*, attorney general, and *Clark V. Owens*, district attorney, were with her on the brief for appellant.

*Melissa Sheridan*, assistant appellant defender, argued the cause, and *Benjamin C. Wood*, chief appellate defender, was with her on the brief for appellee.

The opinion of the court was delivered by

ALLEGRUCCI, J.: This is an appeal by the State of Kansas from judgment entered by the district court dismissing the complaint against the defendant for lack of jurisdiction, and remanding the case to juvenile court.

The facts are not in dispute. On September 6, 1985, a juvenile complaint, No. 85-JV-1051, was filed against Danell J. Magness in connection with separate incidents of theft occurring on September 1 and 2, 1985. Also on September 6, 1985, he was charged in a separate case, No. 85-JV-1050, with offenses including theft and battery which occurred on September 5, 1985. Magness entered admissions and he was adjudicated a juvenile offender in both cases in a single hearing held on September 30, 1985.

On January 7, 1986, Magness was charged in juvenile case No. 86-JV-17 with the crimes of burglary and theft which allegedly occurred on December 14, 1985. Magness admitted the allegations in case No. 86-JV-17 and also admitted violation of probation in case Nos. 85-JV-1050 and 85 JV-1051 in exchange for the District Attorney's agreement not to seek prosecution as an adult. On February 10, 1986, a hearing was conducted in juvenile court and Magness was ordered committed to a state youth center.

The State Secretary of Social and Rehabilitation Services

(SRS) petitioned the juvenile court on April 3, 1986, to reconsider adjudication in case No. 86-JV-17. SRS argued that, because of the juvenile adjudications in case Nos. 85-JV-1050 and 85-JV-1051, the defendant lacked juvenile status under K.S.A. 38-1602(b)(3), and should be prosecuted as an adult. The juvenile court accepted the argument of SRS, and set aside the juvenile adjudication and disposition in case No. 86-JV-17.

Subsequently, a criminal proceeding was filed against Magness in case No. 86-CR-651, based upon the same acts originally complained of in the juvenile case. A preliminary hearing was held on the matter. At the conclusion of the hearing the trial court reasoned that, since both 85-JV-1050 and 85-JV-1051 were adjudicated at the same hearing, these adjudications constituted only one "proceeding," and therefore were insufficient to divest the juvenile court of jurisdiction over the juvenile under K.S.A. 38-1602(b)(3).

The State contends that the district court erred by dismissing the adult prosecution for lack of jurisdiction, based on the court's improper interpretation of K.S.A. 38-1602. K.S.A. 38-1602 provides, in pertinent part:

"(a) 'Juvenile' means a person 10 or more years of age but less than 18 years of age.

"(b) 'Juvenile offender' means a person who does an act while a juvenile which if done by an adult would constitute the commission of a felony or misdemeanor as defined by K.S.A. 21-3105 and amendments thereto or who violates the provisions of K.S.A. 41-715 or 41-2721, and amendments thereto, but does not include:

. . . .

"(3) a person 16 years of age or over who is charged with a felony or with more than one offense of which one or more is a felony after having been adjudicated in two separate prior juvenile proceedings as having committed an act which would constitute a felony if committed by an adult and the adjudications occurred prior to the date of the commission of the new act charged."

The trial court interpreted the requirement of adjudications in "two separate prior juvenile proceedings" to mean two separate hearings. On appeal, it is the State's position that combining the two cases for adjudication at one hearing was immaterial. Thus, the question is one of statutory interpretation.

The State contends that "proceedings," as referred to in the statute, does not necessarily mean a hearing involving only one

matter. In support of its position the State refers to language found in another part of the juvenile offenders code indicating that the word "proceeding" is meant only as a general description of the case. K.S.A. 38-1622(a)(2) states, "The *proceedings* shall be entitled: 'In the matter of _____, respondent.' " (Emphasis added.) The State also argues that K.S.A. 38-1602(b)(3) is not a recidivism statute and, therefore, the trial court improperly applied reasoning found in cases involving our habitual criminal statute.

"The fundamental rule of statutory construction is that the purpose and intent of the legislature governs." *State v. Cole*, 238 Kan. 370, 371, 710 P.2d 25 (1985). When a penal statute is questioned, the court is required to strictly construe the act in favor of the accused. *State v. Cole*, 238 Kan. at 372. "However, [this] rule of strict construction concerning penal statutes is subordinate to the rule that judicial interpretation must be reasonable and sensible to effectuate legislative design and . . . intent." *State v. Fowler*, 238 Kan. 213, 215, 708 P.2d 539 (1985). "[W]ords in common usage are to be given their natural and ordinary meaning." *Szoboszlay v. Glessner*, 233 Kan. 475, 478, 664 P.2d 1327 (1983). The Judicial Council's comments, published before the code was enacted by the legislature, are helpful in determining legislative intent. *Arredondo v. Duckwall Stores, Inc.*, 227 Kan. 842, 610 P.2d 1107 (1980).

Although the Kansas juvenile offenders code was a product of the legislature, it has its roots in the draft prepared by the Judicial Council. The original provision appearing in the preliminary draft prepared by the Judicial Council read in pertinent part:

"(b) 'Juvenile Offender' means (1) A juvenile who does an act which if done by an adult would constitute the commission of a felony or misdemeanor as defined by 21-3105 except as follows: 'Juvenile Offender' shall not mean

"(A) a person age 14 years or over who commits a traffic offense pursuant to chapter 8 of K.S.A. or any city ordinance or county resolution which relates to the regulation of traffic on the roads, highways, or streets, or the operation of self-propelled or non-self-propelled vehicles of any kind.

"(B) a person age 16 years or over who commits an offense as defined in K.S.A. chapter 32.

"(2) A person who escapes from or runs away from any lawful court ordered placement or placement by the secretary after a commitment to said secretary

pursuant to the Kansas Juvenile Offenders Code." Kan. Jud. Council Bull. 57 (June 1981).

Additional hearings were conducted on the matter by the Judicial Council in June 1981, after which the relevant subsection was amended to read as follows:

"(b) 'Juvenile Offender' means a juvenile who does an act which if done by an adult would constitute the commission of a felony or misdemeanor as defined by 21-3105 except as follows: 'Juvenile Offender' shall not mean

"(1) A person age 14 years or over who commits a traffic offense pursuant to chapter 8 of K.S.A. or any city ordinance or county resolution which relates to the regulation of traffic on the roads, highways, or streets, or the operation of self-propelled or nonself-propelled vehicles of any kind.

"(2) A person age 16 years or over who commits an offense as defined in K.S.A. chapter 32.

"(3) A person 16 years of age or more who is charged with a felony after having been adjudicated in two separate prior juvenile proceedings as having committed an act which would constitute a felony if committed by an adult and such adjudications occurred prior to the date of the commission of the new act charged."

The Committee Comment on the above change explained:

"This section is changed from the published draft by the striking of what appeared as subsection (b)(2) and by the addition of a new subsection (b)(3). The Committee believes that the language contained in (b)(2) is unnecessary. (See section 1667). The Committee inserted (b)(3) because it is the opinion of a majority of the Committee that if the juvenile system has attempted twice to 'rehabilitate' a juvenile after felony adjudications and has failed that the juvenile should then be handled under the criminal code.

"The Committee has spent many hours considering if and when a juvenile should stand trial as an adult. The Committee has considered numerous proposals on the subject including a 'laundry list' of offenses for which a juvenile would stand trial as an adult."

The Judicial Council draft received interim review during the summer and fall of 1981 by the Special Committee on the Judiciary. A review of the minutes from the legislative interim committee meetings indicates that great deference was given to the proceedings of the Judicial Council. The bill was originally introduced in the 1982 legislative session, and ultimately passed without any amendment to the language now found in K.S.A. 38-1602(b)(3).

Black's Law Dictionary 1368 (4th ed. rev. 1968) reveals the following general definitions:

"**Proceeding.** In a general sense, the form and manner of conducting juridical business before a court or judicial officer; regular and orderly progress in form of law; including all possible steps in an action from its commencement to the execution of judgment. Erwin v. U.S., D.C. Ga., 37 F. 470, 488, 2 L.R.A. 229. Sometimes, merely the record history of a case. See Uhe v. Railway Co., 3 S.D. 563, 54 N.W. 601.

. . . .

"In a more particular sense, any application to a court of justice, however made, for aid in the enforcement of rights, for relief, for redress of injuries, for damages, or for any remedial object. See Coca-Cola Co. v. City of Atlanta, 152 Ga. 558, 110 S.E. 730, 732, 23 A.L.R. 1339. People v. Raymond, 186 Ill. 407, 57 N.E. 1066."

The purpose of the juvenile offenders code is to provide an alternative to prosecuting a juvenile under the Kansas Criminal Code. The legislature requires that the juvenile offenders code be liberally construed to provide each juvenile coming within its provision with "care, custody, guidance, control and discipline" that will best serve the offender's rehabilitation and the protection of society. K.S.A. 38-1601; *Findlay v. State,* 235 Kan. 462, 681 P.2d 20 (1984); *Lennon v. State,* 193 Kan. 685, 396 P.2d 290 (1964). A liberal construction of K.S.A. 38-1602(b)(3), particularly in light of the Judicial Council's comments, supports the ruling of the trial judge.

The appeal of the State is denied.