No. 67,790

STATE OF KANSAS, *Appellant*, v. PAUL D. HILL, *Appellee*.

(847 P.2d 1267)

Opinion filed March 5, 1993.

*Melanie S. Jack,* assistant attorney general, argued the cause and was on the brief for appellant.

*Jon R. Craig,* of Garden City, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

MCFARLAND, J.: This is an appeal by the prosecution pursuant to K.S.A. 22-3602(b)(1) from an order dismissing an information charging unlawfully arranging sales or purchases of controlled substances using a communication facility (K.S.A. 65-4141).

The facts are not in dispute and may be summarized as follows. In the spring of 1990, the Kansas Bureau of Investigation (KBI) was involved in investigations concerning the distribution of a controlled substance, methamphetamine, in western Kansas and the murder of Clyde Kobbeman. As a result thereof, the KBI had a wiretap on the residential phone of Susan Garrison from October 26, 1990, to November 11, 1990. On November 5, 1990, Ms. Garrison telephoned defendant Paul Hill in Garden City. The call was recorded by the KBI via the wiretap and was designated by the KBI as conversation No. 240. The charge against defendant Hill herein is based upon conversation No. 240.

K.S.A. 65-4141 provides:

"(a) Except as authorized by the uniform controlled substance act, it shall be unlawful for any person knowingly or intentionally to use any communication facility in conspiring or soliciting, as defined in article 33 of chapter 21 of the Kansas Statutes Annotated, or facilitating any felony violation of K.S.A. 65-4127a and 65-4127b and amendments thereto. Each separate use of a communication facility may be charged as a separate offense under this subsection.

"(b) As used in this section, 'communication facility' means any and all public and private instrumentalities used or useful in the transmission of writing, signs, signals, pictures or sounds of all kinds and includes telephone, wire, radio, computer, computer networks, beepers, pagers and all other means of communication.

"(c) Any person who violates this section shall be guilty of a class D felony.

"(d) This act shall be part of and supplemental to the uniform controlled substances act."

The information filed herein charged violation of all three prongs of the statute: conspiring, soliciting, and facilitating. At the preliminary hearing, the magistrate found no evidence of conspiracy or solicitation, but found the State had met its burden of proof relative to facilitation. The magistrate, however, bound defendant over on all three prongs of the statute, and the information filed reflects that determination.

Defendant filed a motion to dismiss the information. The district court noted the fact that the magistrate had found no evidence of conspiracy or solicitation, reviewed the record of the preliminary hearing, and concurred with the magistrate's determination relative thereto. The district court concluded that allegations of conspiracy and solicitation in the information were surplusage and of no force and effect. The district court then held that the facilitation prong of K.S.A. 65-4141 required proof of a felony violation of K.S.A. 65-4127a and K.S.A. 65-4127b. It is uncontroverted that such proof is absent herein. The district court then dismissed the information, and the State appeals therefrom.

On appeal, the State contends it should have been permitted to proceed under both the conspiracy and facilitation prongs of the statute. The solicitation prong has been abandoned as a basis for prosecution herein.

Conversation No. 240, upon which the prosecution herein rests, is as follows:

(SUE is Susan Garrison.)
(PAUL is Paul Hill, defendant.)

"PAUL: Hello.
"SUE: Paul.
"PAUL: Ya.
"SUE: What are you doing?
"PAUL: Oh, just got home here for a little bit.
"SUE: Are you going back out there?
"PAUL: Ah, ya.
"SUE: Or are you goofing off?
"PAUL: Oh, I'm probably going back out there later.
"SUE: You wouldn't have ya know some that I can pick up do ya?
"PAUL: Not right now.
"SUE: Come on.
"PAUL: Waitin for Leroy to call me yet today.
"SUE: Oh, really.
"PAUL: Ya.
"SUE: Think he will?
"PAUL: I hope so.
"SUE: Me too.
"PAUL: He's suppose to call me here at home. That's why I'm here now.
"SUE: Ya. Does he usually when he tells ya he does?
"PAUL: Ya. I don't know when it will be though.
"SUE: Ya. OK. Cause we're desperate we're dragging again.
"PAUL: I know what you mean.
"SUE: Well, if he does, I'm gonna go back out there too, because I gotta finish that one truck, but I had to go to the mental health center today. So if he does or something ya might bring 'some' with ya and I'll get it from ya.
"PAUL: OK.
"SUE: But, we haven't done no truck number 11, have we?
"PAUL: I don't think so.
"SUE: OK. Do you have truck number 11? I think I wrote down Pile's truck on your list cause we did I think 11 and 14 so OK well if you go back out there you better bring me good news.
"PAUL: Ya. If I go back out there I will.
"SUE: You'll cheer me up. Now I'm going to be workin on that one that I was yesterday.
"PAUL: OK.
"SUE: It's out front.
"PAUL: OK.
"SUE: In the lot . . . . it won't take me too awful long, but I'm going to go ahead and get it finished so, I guess we'll go from there.
"PAUL: OK . . . well I'll be by.
"SUE: Do your best. OK.
"PAUL: All right.

"SUE: All right. Thanks. Bye."

At this point, several matters relative to the conversation need to be noted. Although both the magistrate and the district court were provided with transcribed copies of conversation No. 240, neither the tape nor a transcribed copy thereof has been provided to this court for consideration on appeal. The material set forth herein as being conversation No. 240 is taken from the defendant's brief. As the State has not seen fit to provide us with conversation No. 240 in any form and does not challenge that which was set forth in defendant's brief as being the conversation, we accept the latter as a true and correct transcription of the conversation.

We also note that while a Garden City detective testified to the meaning of various terms of drug dealers' jargon, none of such terms are in conversation No. 240. All words utilized will, accordingly, be given their ordinary meanings. Detective Utz testified he believed that Ms. Garrison was advising Paul Hill she was out of the drug and was desperate.

Further, it should be noted Ms. Garrison worked at the same company as did defendant and cleaned company trucks. At the time of his arrest, defendant was questioned by KBI Special Agent Jeffery Brandau. Brandau testified that defendant related the following to him about conversation No. 240:

"He told me that it was in fact about methamphetamine. He knew that Susan Garrison was very involved with methamphetamine; but himself, he claimed he was not a source for the narcotic but was rather an inform— more of an information source, that people could call him and he could tell them where the meth could be located and they could go to those individuals and make their own deal. And I told him, I said, well, you're pretty specific in the conversation that she was calling you looking for it; and he stated that yes, that is what he told her, but yet he didn't plan on obtaining the methamphetamine; that Susan Garrison wouldn't work for him to her best efforts unless she believed that she was going to obtain some methamphetamine, so he was telling her that so she would go out and clean his trucks."

For the purposes of the appeal herein, we will assume that Ms. Garrison is, in the conversation, expressing a desire to obtain methamphetamine, a controlled substance under K.S.A. 65-4127a and -4127b.

We turn now to the issues raised herein.

## CONSPIRACY

For its first issue, the State contends there was sufficient evidence presented to permit it to proceed upon the conspiracy prong of the statute. K.S.A. 65-4141 incorporates the definition of conspiracy set forth in K.S.A. 21-3302. In *State v. Roberts*, 223 Kan. 49, 52, 574 P.2d 164 (1977), we summarized the proof required to sustain a conviction on a conspiracy charge as follows:

"Our conspiracy statute provides:

" 'A conspiracy is an agreement with another person to commit a crime or to assist to commit a crime. No person may be convicted of a conspiracy unless an overt act in furtherance of such conspiracy is alleged and proved to have been committed by him or by a co-conspirator.' (K.S.A. 21-3302[1].)

"In *State v. Daugherty*, 221 Kan. 612, 562 P.2d 42, this court holds:

" 'Conspiracy as defined by K.S.A. 21-3302 consists of two essential elements: (1) An agreement between two or more persons to commit or assist in committing a crime and (2) the commission by one or more of the conspirators of an overt act in furtherance of the object of the conspiracy.' (Syl. 4.)

"To prove a conspiracy it must be established that the conspirators had a mutual understanding or tacit agreement, a meeting of the minds, for the accomplishment of the common purpose. This meeting of the minds may be expressed or implied from the acts of the parties. (15A C.J.S., Conspiracy, § 40, pp. 734-735.) However a conspiracy to commit a crime is not established by mere association or knowledge of acts of the other parties. There must be some intentional participation in the conspiracy with a view to the furtherance of the common design and purpose. (15A C.J.S., Conspiracy, § 39, pp. 733-734.)"

The State argues that conversation No. 240 establishes both the conspiracy and the requisite overt act. We do not agree.

In *State v. Starks*, 249 Kan. 516, 520, 820 P.2d 1243 (1991), we held:

"If, from the evidence presented at the preliminary hearing, it appears that a crime has been committed and there is probable cause to believe the defendant committed the crime, the magistrate shall bind the defendant over for trial. K.S.A. 22-2902(3). See *State v. Burrell*, 237 Kan. 303, 305, 699 P.2d 499 (1985). 'The evidence need not prove guilt beyond a reasonable doubt, only probable cause. The trial court must draw the inferences favorable to the prosecution from the evidence presented at the preliminary examination.' *State v. Sherry*, 233 Kan. 920, 935, 667 P.2d 367 (1983). 'Probable cause at a preliminary hearing signifies evidence sufficient to cause a person of ordinary prudence and caution to conscientiously entertain a reasonable belief of the accused's guilt.' *State v. Puckett*, 240 Kan. 393, Syl. ¶ 1, 729 P.2d 458 (1986)."

Drawing all inferences favorable to the prosecution from the evidence presented at the preliminary examination, there is a fatal shortfall. It takes some considerable stretching to find probable cause to believe that defendant is agreeing to supply a controlled substance to Ms. Garrison. Even if this hurdle is overcome, there is no evidence of an overt act committed in furtherance of the conspiracy. Black's Law Dictionary 1104 (6th ed. 1990) states in pertinent part:

"**Overt act.** An open, manifest act from which criminality may be implied. An outward act done in pursuance and manifestation of an intent or design. An open act, which must be manifestly proved.

. . . .

"An overt act which completes crime of conspiracy to violate federal law is something apart from conspiracy and is an act to effect the object of the conspiracy, and need be neither a criminal act, nor crime that is object of conspiracy, but must accompany or follow agreement and must be done in furtherance of object of agreement. Marino v. United States, C.C.A.Cal., 91 F.2d 691, 694, 695."

Clearly, the magistrate did not err in finding the evidence was inadequate to bind defendant over on the conspiracy prong or theory. Like the district court, we are perplexed as to why, after such a finding, the conspiracy aspect remained in the charge. We find no error in the district court's striking the conspiracy allegation from the information as surplusage, under the circumstances herein.

## FACILITATION

For its final issue, the State contends the district court erroneously construed K.S.A. 65-4141 in holding that a prosecution for facilitation required proof of a felony violation of K.S.A. 65-4127a and -4127b. It is undisputed that no evidence of such violation was offered or admitted.

The State argues that, inasmuch as prosecutions under K.S.A. 65-4141 which are based upon conspiracy or solicitation do not require proof of a completed underlying felony, then neither does a prosecution based upon facilitation.

In *State v. Magness*, 240 Kan. 719, 721, 732 P.2d 747 (1987), we held: "When a penal statute is questioned, the court is required to strictly construe the act in favor of the accused." See

*State v. Trudell*, 243 Kan. 29, 34, 755 P.2d 511 (1988); and *State v. Cole*, 238 Kan. 370, 372, 710 P.2d 25 (1985).

In *State v. Carmichael*, 240 Kan. 149, 159, 727 P.2d 918 (1986), we stated: "The rule of strict construction concerning penal statutes is subordinate to the rule that judicial interpretation must be reasonable and sensible to effectuate legislative design and the true intent of the legislature."

Black's Law Dictionary 591 (6th ed. 1990) states:

"**Facilitation.** In criminal law, the act of making it easier for another to commit crime; *e.g.* changing of cars to evade police officer who has suspect under surveillance and thus to enable a clandestine transfer of contraband to take place would constitute 'facilitation' within forfeiture statute. U.S. v. One (1) Chevrolet Corvette Auto. Serial No. 194371S121113, C.A.Fla., 496 F.2d 210, 212."

Webster's Third New International Dictionary 812 (1961) states:

"**facilitate** . . . 1: to make easier or less difficult: free from difficulty or impediment. . . . 2: to lessen the labor of (as a person): ASSIST, AID."

21 U.S.C. § 843(b) (1988) provides:

"**Communication facility.** It shall be unlawful for any person knowingly or intentionally to use any communication facility in committing or in causing or facilitating the commission of any act or acts constituting a felony under any provision of this subchapter or subchapter II of this chapter. Each separate use of a communication facility shall be a separate offense under this subsection. For purposes of this subsection, the term 'communication facility' means any and all public and private instrumentalities used or useful in the transmission of writing, signs, signals, pictures, or sounds of all kinds and includes mail, telephone, wire, radio, and all other means of communication."

In conjunction with this federal statute, the term "facilitating" has been construed on a number of occasions. The common thread is that the use of a communication facility made the commission of the underlying drug offense easier or less difficult or assists or aids in the offense. See *U.S. v. Adler*, 879 F.2d 491, 495 (9th Cir. 1988); *United States v. Phillips*, 664 F.2d 971, 1032 (5th Cir. 1981), *cert. denied* 457 U.S. 1136 (1982).

In support of its argument that proof of the commission of an underlying crime is unnecessary, the State cites *United States v. Pierorazio*, 578 F.2d 48 (3rd Cir.), *cert. denied* 439 U.S. 981 (1978). In that case, the defendant argued that proof of an underlying inchoate crime, such as attempt or conspiracy to dis-

tribute controlled substances or to possess controlled substances with intent to distribute, did not support a facilitation conviction under 21 U.S.C. § 843(b) and that proof of an underlying, actual, consummated substantive offense was necessary. This argument was rejected, with the court holding that proof of an underlying inchoate crime such as attempt or conspiracy to distribute a controlled substance was sufficient.

In the case before us, there was no probable cause to establish that any underlying controlled substance felony had been committed—inchoate or substantive. Reliance on *Pierorazio* is thus misplaced.

In *U.S. v. Dotson*, 895 F.2d 263 (6th Cir.), *cert. denied* 111 S. Ct. 94 (1990), the defendant was charged with using a communication device to facilitate distribution of a controlled substance and possession of the substance. The court held that in order to find a violation of 21 U.S.C. § 843(b) the jury must find beyond a reasonable doubt that the underlying drug crime was actually committed.

In *U.S. v. Johnstone*, 856 F.2d 539 (3rd Cir. 1988), the defendant was convicted of, *inter alia*, using a telephone to facilitate the distribution of methamphetamine. The court held:

"In order to obtain a conviction . . . the government must prove (1) knowing or intentional (2) use of a communication facility (3) to commit, cause or facilitate the commission of a drug felony. The occurrence of the underlying drug felony is a fact necessary to finding a violation of § 843(b)." 856 F.2d at 542-43.

We do not believe the difference in the wording between 21 U.S.C § 843(b) and K.S.A. 65-4141 requires a different result. Solicitation, conspiracy, and attempt are inchoate crimes.

Black's Law Dictionary 761 (6th ed. 1990) contains the following definition:

"**Inchoate crimes.** An incipient crime which generally leads to another crime. An assault has been referred to as an inchoate battery, though the assault is a crime in and of itself. The Model Penal Code classifies attempts, solicitation and conspiracy as such. § 5.01-5.03."

In our code these three offenses are set forth in article 33 of chapter 21 and are categorized as "anticipatory crimes." By their very nature, they are complete before the other crime or crimes with which they are concerned has or have been consummated.

Facilitation is not in this category. One cannot facilitate the commission of a crime which never occurs within the context of K.S.A. 65-4141. We conclude that the district court correctly held that in a prosecution under K.S.A. 65-4141 charging a defendant with having used a communication facility to facilitate a felony violation of K.S.A. 65-4127a and 65-4127b, the State is required to prove the commission of the underlying felony violation. Dismissal of the information, accordingly, was not erroneous.

Before concluding, we note the 1992 legislative amendments to K.S.A. 65-4141, effective July 1, 1993, set forth in L. 1992, ch. 298, § 76, as follows:

"65-4141. (a) Except as authorized by the uniform controlled ~~substance~~ *substances* act, it shall be unlawful for any person knowingly or intentionally to use any communication facility *:(1)* in ~~conspiring or soliciting, as defined in article 33 of chapter 21 of the Kansas Statutes Annotated, or facilitating any felony violation of K.S.A. 65-4127a and 65-4127b and amendments thereto~~ *committing or in causing or facilitating the commission of any felony under K.S.A. 65-4127a, 65-4127b or 65-4159 and amendments thereto; or (2) in any attempt to commit, any conspiracy to commit or any criminal solicitation of any felony under K.S.A. 65-4127a, 65-4127b or 65-4159 and amendments thereto.* Each separate use of a communication facility may be charged as a separate offense under this subsection."

These amendments, *inter alia*, conform the offense to 21 U.S.C. § 843(b) by utilizing the same language: "committing or in causing or facilitating the commission of any . . . felony."

The judgment is affirmed.