STATE OF KANSAS, *Appellant,* v. SUSAN K. GARRISON, *Appellee.*
No. 67,807

STATE OF KANSAS, *Appellant,* v. DOUG HAPES, *Appellee.*
No. 67,823

STATE OF KANSAS, *Appellant,* v. JAMES HILL, *Appellee.*
No. 67,824

STATE OF KANSAS, *Appellant,* v. DEANNE GRAHAM, *Appellee.*
(850 P.2d 244)

Opinion filed April 16, 1993.

*Melanie S. Jack,* assistant attorney general, argued the cause and was on the brief for appellant.

*John M. Lindner,* of Garden City, argued the cause and was on the brief for appellee Susan K. Garrison.

*Robert A. Levy,* of Garden City, argued the cause and was on the brief for appellees Doug Hapes and Deanne Graham.

*Jon R. Craig,* of Garden City, argued the cause and was on the brief for appellee James Hill.

The opinion of the court was delivered by

McFARLAND, J.: This is a consolidated appeal by the prosecution pursuant to K.S.A. 22-3602(b)(1) from orders dismissing four informations charging unlawfully arranging sales or purchases of controlled substances using a communication facility (K.S.A. 65-4141). The district court dismissed the informations on two grounds:

1. The counts as charged in the informations lacked sufficient specificity to adequately advise each respective defendant of the criminal act with which he or she was charged; and

2. Successful prosecution for any violation of K.S.A. 65-4141 requires proof of the actual commission of the underlying drug felony, it being agreed such proof is absent herein.

K.S.A. 65-4141 provides:

"(a) Except as authorized by the uniform controlled substance act, it shall be unlawful for any person knowingly or intentionally to use any communication facility in conspiring or soliciting, as defined in article 33 of chapter 21 of the Kansas Statutes Annotated, or facilitating any felony violation of K.S.A. 65-4127a and 65-4127b and amendments thereto. Each separate use of a communication facility may be charged as a separate offense under this subsection.

"(b) As used in this section, 'communication facility' means any and all public and private instrumentalities used or useful in the transmission of writing, signs, signals, pictures or sounds of all kinds and includes telephone, wire, radio, computer, computer networks, beepers, pagers and all other means of communication.

"(c) Any person who violates this section shall be guilty of a class D felony."

A total of 16 counts of alleged violations of K.S.A. 65-4141 are spread over the four informations. Each count is identical in form except for the date of the crime and the name of the defendant. The format utilized is illustrated by Count I of *State v. Garrison* as follows:

"On or about October 26, 1990, in Finney County, Kansas, Susan K. Garrison, did knowingly, intentionally, unlawfully and feloniously use a communication facility, to-wit: a telephone, to conspire or solicit (as defined by K.S.A. 21-3302 and 21-3303) or to facilitate any felony violation of K.S.A. 65-4127a and 65-4127b and amendments thereto, to-wit: cocaine and/or methamphetamine, contrary to the form of the statutes made and provided and against the peace and dignity of the State of Kansas."

All four informations were filed as a result of a wiretap of Susan Garrison's residence telephone in Garden City. The dismissal of a complaint against a fifth defendant was determined adversely to the prosecution in *State v. [Paul D.] Hill,* 252 Kan. 637, 847 P.2d 1267 (1993). Some of the transcripts of the recorded conversations giving rise to the various counts had been provided to us. No tapes have been included in the record. The following list sets forth the dates of each alleged offense (all in 1990) and the conversation number upon which each charge is based (where discernible from the record):

SUSAN K. GARRISON

      Count 1 — October 26     No. 6
      Count 2 — November 2
      Count 3 — November 2
      Count 4 — November 3
      Count 5 — November 5
      Count 6 — November 5
      Count 7 — November 9

DOUG HAPES

      Count 1 — October 29     Nos. 87 and 90
      Count 2 — November 5    No. 256

JAMES HILL

      Count 1 — October 29     No. 90
      Count 2 — November 2
      Count 3 — November 2
      Count 4 — November 3
      Count 5 — November 5*
      Count 6 — November 5*

* One of these two counts apparently arises from conversation No. 256, but there is nothing in the record to indicate which one.

DEANNE GRAHAM

      Count 1 — October 26     No. 6

The record reflects much discussion over the fact the recordings involved were of such low quality. The few transcripts furnished to us show many "inaudibles" reflecting nondecipherable portions of the conversations. Further, new versions of the transcripts have

been produced by the State at various times reflecting new interpretations of what was said. Additionally, we have affidavits from Special Agent Jeffery Brandau giving his interpretation of drug jargon he believed was being used in some of the conversations and, applying same, what he believed the conversations concerned.

As shown by the foregoing, the record is in considerable disarray and confusion as to the factual background underlying most of the charges herein. However, within the confines of the issues presented, we are, fortunately, not called upon to determine the sufficiency of the evidence supporting each count. We are presented herein with questions of law concerning the legal sufficiency of the informations and whether a conviction under K.S.A. 65-4141 requires proof of the commission of a statutorily defined underlying drug-related felony.

We turn now to the first issue.

## SUFFICIENCY OF THE INFORMATION

K.S.A. 22-3201(2) provides, in pertinent part:

"The complaint, information or indictment shall be a plain and concise written statement of the essential facts constituting the crime charged, which complaint, information or indictment, drawn in the language of the statute, shall be deemed sufficient. The precise time of the commission of an offense need not be stated in the indictment or information; but it is sufficient if shown to have been within the statute of limitations, except where the time is an indispensable ingredient in the offense."

Most issues arising out of K.S.A. 22-3201(2) involve claims that an element of the offense has been omitted, and, thus, no crime has been charged. The rules relative thereto were stated in *State v. Smith*, 245 Kan. 381, 781 P.2d 666 (1989), as follows:

"In a felony action, the indictment or information is the jurisdictional instrument upon which the accused stands trial." Syl. ¶ 10.

"A conviction based upon an information which does not sufficiently charge the offense for which the accused is convicted is void. Failure of an information to sufficiently state an offense is a fundamental defect which can be raised at any time, even on appeal." Syl. ¶ 11.

"If the facts alleged in an information do not constitute an offense within the terms and meaning of the statute upon which it is based, the information is fatally defective. The evidence introduced at trial to show commission of the crime sought to have been charged, and the jury instruction thereon, have no bearing on this question." Syl. ¶ 12.

"In Kansas all crimes are statutory and the elements necessary to constitute a crime must be gathered wholly from the statute." Syl. ¶ 13.

"An information which omits one or more of the essential elements of the crimes it attempts to charge is jurisdictionally and fatally defective, and convictions for those offenses must be reversed." Syl. ¶ 14.

In *State v. Hall*, 246 Kan. 728, 793 P.2d 737 (1990), we modified our prior holdings relative to defective informations, including *State v. Smith*, in situations where the defect is asserted for the first time on appeal. Reversal of the conviction is no longer automatic but subject to the rules set forth in *Hall* which are not relevant to the issues herein as the informations before us were challenged, held defective, and dismissed by the district court prior to adjudication.

The claim herein is, in essence, that the charge is so broad that it covers too many possible criminal activities. As noted by the district court, K.S.A. 65-4141 may be violated by conspiring, soliciting, or facilitating. Each count herein charges all three means of commission. The alleged controlled substance is "cocaine and/or methamphetamine." The title placed on the crime set forth in K.S.A. 65-4141 involves "arranging sales or purchases of controlled substances." The definition of the crime is much broader. K.S.A. 65-4127a, to which the statute refers, makes it a felony to possess, have under such person's control, possess with intent to sell, offer for sale, sell, prescribe, administer, deliver, dispense, or compound these drugs. The phrasing of each count is, accordingly, a shotgun approach covering all three means of commission and all possible felony acts of possession, sale, compounding, etc., involving either cocaine and/or methamphetamine. In essence, each count charges the defendant did conspire to commit (as defined by K.S.A. 21-3302), solicit (as defined by K.S.A. 21-3303), or facilitate some felonious activity involving cocaine and/or methamphetamine on the date specified and through the use of a telephone.

The sufficiency of an indictment or information is to be measured by whether it contains the elements of the offense intended to be charged and sufficiently apprises the defendant of what he must be prepared to meet, and by whether it is specific enough to make a plea of double jeopardy possible. *State v. Michaux*, 242 Kan. 192, Syl. ¶ 1, 747 P.2d 784 (1987).

In *State v. Snyder,* 10 Kan. App. 2d 450, 457-58, 701 P.2d 969 (1985), the Court of Appeals stated:

"The purpose of the information in a criminal case is to advise the accused and the court of the charges alleged to have been committed and the essential facts constituting the crime charged. *State v. Carpenter,* 228 Kan. 115, 612 P.2d 163 (1980). In a felony action, the information is the jurisdictional instrument upon which the accused stands trial. An information must be stated with enough clarity and detail to inform a defendant of the criminal act with which he is charged. *City of Altamont v. Finkle,* 224 Kan. 221, 579 P.2d 712 (1978). The failure to so inform the defendant denies the defendant procedural due process and violates his right to be informed of the charges against him. K.S.A. 22-3205; Kansas Const. Bill of Rights, § 10; U.S. Const., 6th Amend.; *State v. Daniels,* 223 Kan. 266, 573 P.2d 607 (1977)."

We agree therewith.

The State argues on appeal that any problems concerning lack of specificity could be corrected by amendment or the furnishing of a bill of particulars in each of the cases. Such position is a departure from that expressed to the district court. The defendants, through their motions to dismiss, sought narrowing of the charges so they would be informed of exactly what they would be required to defend against. Bills of particulars were requested. The State opposed said requests and forced the court to decide on the validity of the information as written. The State's position before the district court is reflected in the following excerpts from the hearing in the *Garrison* case:

Ms. Jack (assistant attorney general): "I'd submit to the Court that just because it's written that way, and while it may be difficult to defend, that doesn't require me to elect or to furnish a bill of particulars. And I'm not sure exactly what counsel is asking for when he says a bill of particulars, if he wants a specific time and date or if he wants me to say exactly what it is we're relying on, either conspiracy or a solicitation or a facilitation. And, quite frankly, I don't think I'm required to do that.

. . . .

"Quite frankly, it's a crime to use a telephone to facilitate, to conspire, to solicit in any felony drug transaction. That's a crime. And while it might be difficult to defend, that doesn't mean that I'm required to elect.

"As Mr. Lindner [defense attorney] pointed out, in the Information the purpose is to alert the defendant as to what the charges are, and she's definitely been alerted. She's been informed. And there is nothing in his motion to indicate, except for the fact that it would be difficult to defend,

any specific reasons why I would be required to elect or to provide him with a bill of particulars."

The issue before us is whether the district court erred in dismissing the informations. The district court could not order the amendment of the information unless requested to do so by the State. The State was satisfied with the informations and elected to stand or fall on the sufficiency of the informations as written. On appeal, the State evinces a willingness to amend, but that is irrelevant herein.

We conclude that the district court correctly held that the informations herein were fatally flawed as they lacked sufficient specificity to inform the respective defendants of the charges he or she must defend against and thus denied procedural due process as guaranteed by K.S.A. 1992 Supp. 22-3205; the Kansas Constitution Bill of Rights, § 10; and the United States Constitution, 6th Amendment.

## NECESSITY OF PROVING COMMISSION OF
## UNDERLYING FELONY

As a second ground for dismissing the informations herein, the district court held that prosecutions under any of the three means of violations of K.S.A. 65-4141 (conspiracy, solicitation, or facilitation) require proof of the actual commission of the underlying drug felony. It is uncontroverted such proof is absent herein. This issue as it relates to conspiracy and facilitation was determined in the companion appeal, *State v. Hill,* 252 Kan. 637. We held that conspiracy, being an inchoate crime, does not require proof of the actual commission of the underlying felony, but merely commission of an overt act in furtherance of the object of the conspiracy. We further held that a charge of "facilitation" under K.S.A. 65-4141 requires proof of the actual commission of the underlying felony.

In *Hill* we stated:

"Facilitation is not in this category. One cannot facilitate the commission of a crime which never occurs within the context of K.S.A. 65-4141. We conclude that the district court correctly held that in a prosecution under K.S.A. 65-4141 charging a defendant with having used a communication facility to facilitate a felony violation of K.S.A. 65-4127a and 65-4127b, the State is required to prove the commission of the underlying felony violation.

Dismissal of the information, accordingly, was not erroneous." 252 Kan. at 645.

Solicitation is another inchoate or anticipatory crime. Thus, proof of the actual commission of the underlying crime is unnecessary. K.S.A. 21-3302 defining conspiracy requires proof of the commission of the overt act in furtherance thereof.

K.S.A. 21-3303 defines solicitation as follows:

"(a) Criminal solicitation is commanding, encouraging or requesting another person to commit a felony, attempt to commit a felony or aid and abet in the commission or attempted commission of a felony for the purpose of promoting or facilitating the felony.

"(b) It is immaterial under subsection (a) that the actor fails to communicate with the person solicited to commit a felony if the person's conduct was designed to effect a communication.

"(c) It is an affirmative defense that the actor, after soliciting another person to commit a felony, persuaded that person not to do so or otherwise prevented the commission of the felony, under circumstances manifesting a complete and voluntary renunciation of the actor's criminal purposes.

"(d) Criminal solicitation of a class A or B felony is a class D felony. Criminal solicitation of a felony other than a class A or B felony is a class E felony."

Thus, commission of an overt act need not be proven to establish solicitation.

## CONCLUSION

The district court did not err in dismissing the informations herein on the ground that they lacked sufficient specificity to inform the respective defendants of the charges he or she must defend against. Further, the district court did not err in holding that a prosecution under K.S.A. 65-4141 based upon facilitation requires proof of the actual commission of the underlying felony. The district court did err, however, in concluding proof of the actual commission of the underlying felony is required in a prosecution under K.S.A. 65-4141 based upon conspiracy or solicitation.

The judgments are affirmed in part and reversed in part.