(943 P.2d 938)
No. 75,441

STATE OF KANSAS, *Appellee*, v. RENDY J. FULTZ, *Appellant*.

Opinion filed August 15, 1997.

*Steven R. Zinn*, deputy appellate defender, for appellant.

*James A. Brown*, assistant district attorney, *Joan M. Hamilton*, district attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before BRAZIL, C.J., RULON and GERNON, JJ.

RULON, J.: Defendant Rendy J. Fultz appeals his conviction of intentional second-degree murder, claiming the district court lacked jurisdiction to try him as an adult because one of his prior juvenile adjudications was not final and, as such, he should have been prosecuted as a juvenile. Defendant further argues his juvenile adjudications that were used to certify him to be tried as an adult could not be counted in his criminal history score under K.S.A. 21-4710(d)(11). We affirm.

The facts giving rise to defendant's conviction are not disputed.

Defendant shot and killed an individual in front of a convenience store in Topeka on June 25, 1994. Defendant was 17 years old at the time of the incident.

Defendant was originally charged as a juvenile. The State filed a motion to certify defendant as an adult under K.S.A. 38-1636.

The district court found that there was not substantial evidence to satisfy the statutory factors and denied the State's motion.

The State then dismissed the juvenile complaint and filed the present action against defendant, charging him as an adult under K.S.A. 38-1602 with one count of first-degree murder, K.S.A. 21-3401. The State argued that under K.S.A. 38-1602, if a person is 16 years of age or older, commits a crime which would be a felony if committed by an adult, and has two separate prior juvenile adjudications, the person is not a juvenile offender.

Defendant filed a motion to dismiss this cause, claiming that because there had been no disposition on one of the juvenile adjudications which the State used in certifying him as an adult, he was still a juvenile offender. He argued that the intent of the legislature was to allow an individual to be tried as an adult only after the juvenile system had twice been given the chance to rehabilitate that individual.

The district court found the statute to be clear and unambiguous and denied the motion.

Under a plea agreement, defendant entered a plea of no contest to a reduced charge of intentional second-degree murder, a severity level 1 offense. Defendant however, continued to object to the jurisdiction of the court to try him as an adult.

Prior to sentencing, defendant filed an objection to his criminal history score. According to defendant, because K.S.A. 21-4710(d)(11) prohibits the court from using any prior conviction for criminal history purposes when that conviction has already been used to enhance the severity level or applicable penalties, or elevate the crime from a misdemeanor to a felony, or is an element of the present crime, then in this case the court could not count his two prior juvenile adjudications because they had already been used to certify him as an adult. Defendant argued his criminal history score was H and not C.

The court denied defendant's challenge and sentenced him to 178 months in prison and postrelease supervision of 24 months.

## JURISDICTION

This issue turns on the interpretation of K.S.A. 38-1602.

"'Interpretation of a statute is a question of law and subject to unlimited review by the appellate courts.'" *In re Guardianship & Conservatorship of Heck*, 22 Kan. App. 2d 135, Syl. ¶ 1, 913 P.2d 213 (1996).

"The various principles of statutory construction were discussed by this court recently in *In re J.A.C.*, 22 Kan. App. 2d 96, 911 P.2d 825 (1996). The primary rule of statutory construction is that the intent of the legislature governs if such intent can be determined. 22 Kan. App. 2d at 101. However, when a statute is not ambiguous, ' "the court must give effect to the intention of the legislature as expressed, rather than determine what the law should or should not be." [Citation omitted.]' 22 Kan. App. 2d at 101." *In re A.N.P.*, 23 Kan. App. 2d 686, 687, 934 P.2d 995 (1997).

K.S.A. 38-1602 reads in relevant part:

"(b) 'Juvenile offender' means a person who does an act while a juvenile which if done by an adult would constitute the commission of a felony or misdemeanor as defined by K.S.A. 21-3105 and amendments thereto or who violates the provisions of K.S.A. 41-727 or subsection (j) of K.S.A. 74-8810, and amendments thereto, but does not include:

. . . .

(3) a person 16 years of age or over who is charged with a felony . . . after having been adjudicated in two separate prior juvenile proceedings as having committed an act which would constitute a felony if committed by an adult and the adjudications occurred prior to the date of the commission of the new act charged."

Defendant argues this case is controlled by *State v. Magness*, 240 Kan. 719, 732 P.2d 747 (1987). In *Magness*, the State appealed the district court's dismissal of a complaint against the defendant and the order remanding the case to juvenile court. In that case Magness, a juvenile, had been charged with committing two different offenses on two different dates. Magness entered admissions, and he was adjudicated a juvenile offender in both cases *in a single hearing.*

Subsequently, Magness committed another crime and the State attempted to prosecute him as an adult under K.S.A. 38-1602(b)(3) (Ensley 1986). At that time, 38-1602 read in relevant part:

"(a) 'Juvenile' means a person 10 or more years of age but less than 18 years of age.

"(b) 'Juvenile offender' means a person who does an act while a juvenile which if done by an adult would constitute the commission of a felony or misdemeanor as defined by K.S.A. 21-3105 and amendments thereto or who violates the provisions of K.S.A. 41-715 or 41-2721, and amendments thereto, but does not include:

. . . .

(3) a person 16 years of age or over who is charged with a felony or with more than one offense of which one or more is a felony after having been adjudicated in two separate prior juvenile proceedings as having committed an act which would constitute a felony if committed by an adult and the adjudications occurred prior to the date of the commission of the new act charged."

The statute is substantially the same now as it was then.

Our Supreme Court agreed with the trial court that where the statute said "after being adjudicated in two separate prior juvenile proceedings," it meant that if there was only one proceeding, then the individual was still a juvenile under that statute. The *Magness* court focused on the comments of the Judicial Council which, in explaining its reasoning behind the drafting of the statute, read in relevant part:

" 'This section is changed from the published draft by the striking of what appeared as subsection (b)(2) and by the addition of a new subsection (b)(3). The Committee believes that the language contained in (b)(2) is unnecessary. (See section 1667). *The Committee inserted (b)(3) because it is the opinion of a majority of the committee that if the juvenile system has attempted twice to "rehabilitate" a juvenile after felony adjudications and has failed that the juvenile should then be handled under the criminal code.'* " (Emphasis added.) 240 Kan. at 722.

The *Magness* court noted that the statute was a product of the legislature but its roots originated in the Judicial Council:

" 'The fundamental rule of statutory construction is that the purpose and intent of the legislature governs.' *State v. Cole*, 238 Kan. 370, 371, 710 P.2d 25 (1985). When a penal statute is questioned, the court is required to strictly construe the act in favor of the accused. *State v. Cole*, 238 Kan. at 372. 'However, [this] rule of strict construction concerning penal statutes is subordinate to the rule that judicial interpretation must be reasonable and sensible to effectuate legislative design and . . . intent.' *State v. Fowler*, 238 Kan. 213, 215, 708 P.2d 539 (1985). '[W]ords in common usage are to be given their natural and ordinary meaning.' *Szoboszlay v. Glessner*, 233 Kan. 475, 478, 664 P.2d 1327 (1983). The Judicial Council's comments, published before the code was enacted by the legislature, are helpful in determining legislative intent. *Arredondo v. Duckwall Stores, Inc.*, 227 Kan. 842, 610 P.2d 1107 (1980)." 240 Kan. at 721.

In upholding the order of the district court, the *Magness* court concluded:

"The purpose of the juvenile offenders code is to provide an alternative to prosecuting a juvenile under the Kansas Criminal Code. The legislature requires that the juvenile offenders code be liberally construed to provide each juvenile coming within its provision with 'care, custody, guidance, control and discipline' that will best serve the offender's rehabilitation and the protection of society. K.S.A. 38-1601; *Findlay v. State,* 235 Kan. 462, 681 P.2d 20 (1984); *Lennon v. State,* 193 Kan. 685, 396 P.2d 290 (1964). A liberal construction of K.S.A. 38-1602(b)(3), particularly in light of the Judicial Council's comments, supports the ruling of the trial judge." 240 Kan. at 723.

Defendant argues that, as recognized by *Magness,* the legislature's intent was to allow juveniles to be prosecuted as adults only after the juvenile system had twice been given the chance to rehabilitate the individual. According to defendant, because the juvenile court had not entered a disposition in one of the juvenile cases, then the juvenile system had not had the second chance to rehabilitate him.

The first question to be answered is if the language in the controlling statute is ambiguous. If so, this court may refer to the above often-quoted standards for statutory interpretation. However, if the statute is unambiguous, then according to this court's standard of review, the statute must be enforced as written.

"When a statute is plain and unambiguous, the appellate courts will not speculate as to the legislative intent behind it and will not read such a statute so as to add something not readily found in the statute." *State v. Alires,* 21 Kan. App. 2d 139, Syl. ¶ 2, 895 P.2d 1267 (1995).

Additionally, while words in common usage are given their natural and ordinary meaning, *Bank IV Wichita v. Plein,* 250 Kan. 701, 705-06, 830 P.2d 29 (1992), "technical words and phrases, and other words that have acquired peculiar and appropriate meaning in law, shall be construed according to their peculiar and appropriate meanings." K.S.A. 1996 Supp. 77-201 *Second.*

In *In re T.D.W.,* 18 Kan. App. 2d 286, 288, 850 P.2d 947 (1993), this court recognized that the terms adjudication and disposition were terms of art within the Code for the Care of Children and each carried its own meaning. K.S.A. 38-1681(b) provides that a

juvenile may appeal from an order of adjudication or disposition, or both; thus, the logical import is that adjudication and disposition are separate legal events.

The language in K.S.A. 38-1602 is clear that once a person who is 16 or older has twice been "adjudicated" a juvenile offender for acts that would constitute a felony if committed by an adult, that person is no longer included within the legal definition of a "juvenile offender."

In *Magness*, the court was faced with a difficult situation where the defendant had admitted to two different offenses on different days but was adjudicated for both in a single proceeding. Under the plain language of the statute, before Magness could be considered as an adult, he must have been adjudicated a juvenile offender in two *separate proceedings*.

" 'A statute is open to construction only where the language used therein requires interpretation or may be reasonably considered ambiguous. Thus, where no ambiguity appears, it has been presumed conclusively that the clear and explicit terms of a statute express the legislative intention. A plain and unambiguous statute is to be applied, and not interpreted, since such a statute speaks for itself, and any attempt to make it clearer is a vain labor and tends only to obscurity.' " *State v. Haug*, 237 Kan. 390, 392, 699 P.2d 535 (1985).

Here, defendant had been adjudicated a juvenile offender in Shawnee County case No. 92JV438 for a crime which would be a felony if committed by an adult, and placed in SRS custody. Defendant had been adjudicated and a disposition had been entered. Defendant also had been adjudicated a juvenile offender in Douglas County case No. 93JV192 for attempted burglary, which would have been a level 10 felony if committed by an adult. However, that case was transferred to Shawnee County and a dispositional hearing scheduled. Defendant did not appear for that hearing. Prior to the rescheduled date for the dispositional hearing, defendant ran away from his foster home and did not appear for the hearing. Defendant committed the present crime before the dispositional hearing could be held.

Unquestionably, here the district court has jurisdiction to convict defendant of the crime charged.

## CRIMINAL HISTORY

Next, defendant argues his criminal history should be H as the State was barred from using the juvenile adjudications it used to certify him as an adult in his criminal history score. We disagree.

Recently, our Supreme Court concluded that using a prior juvenile adjudication both to certify an individual as an adult and then including it in his or her criminal history score does not violate K.S.A. 21-4710(d)(11), as certifying an individual as an adult does not enhance the severity level of the crime. See *State v. Lanning,* 260 Kan. 815, 925 P.2d 1145 (1996).

Affirmed.