**UNITED STATES of America, Plaintiff,**

**v.**

**Fletcher SAPP, and Ronald Sapp, Defendants.**

**No. 93–20064–01.**

United States District Court, D. Kansas.

Oct. 26, 1993.

Tanya Treadway, Asst. U.S. Atty., for U.S.

Michael Lawless, Mission, KS, Heather S. Woodson, Overland Park, KS, David E. Everson, John C. Aisenbrey, Kansas City, MO, for defendants.

1. Document # 20 renders document # 19 moot.

2. Fed.R.Crim.P. 8(a) states:
 Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged

## MEMORANDUM AND ORDER

LUNGSTRUM, District Judge.

This matter comes before the court on the motions of defendants Fletcher Sapp and Ronald Sapp for relief from prejudicial joinder (Doc. # 20)[1], for a bill of particulars (Doc. # 18), and to suppress statements of defendants (Doc. # 17). The United States has charged each defendant with submitting a false financial statement to a federally insured bank and attempted bank fraud. For the reasons set forth below, the court denies defendants' motion for relief from prejudicial joinder and also denies their motion for a bill of particulars. Pursuant to stipulation by the parties, the court finds that defendants' motion to suppress is now moot, and orders that the use of certain testimony be restricted at trial in accordance with this opinion.

## SEVERANCE OF COUNTS

Defendants seek to sever the trial of Counts I and II from that of Count III of the indictment. Counts I and II of the indictment allege false statements under 18 U.S.C. § 1014, and pertain to allegedly false financial statements provided by the defendants on December 18, 1990, to the First State Bank, located in Kansas City, Kansas. Count III of the indictment charges bank fraud, in violation of 18 U.S.C. § 1344, and alleges that the defendants provided a letter to the Midland Bank of Kansas in an effort to obtain a loan of $405,014.88. The defendants argue that joinder of these counts under Rule 8(a) is improper because they are not part of a common scheme or plan. The defendants further argue that the court should order severance under Rule 14 because the defendants are substantially prejudiced by this joinder.

▰ Rule 8(a) allows for the joinder of two or more offenses if they "are of the same or similar character."[2] *United States v. Muniz,* 1 F.3d 1018, 1023 (10th Cir.1993); 1 Charles A. Wright, Federal Practice and

... are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan.

Procedure, § 143 (2nd ed. 1982). Rule 8(a) is not limited to crimes of the "same" character but also covers those of "similar" character, which means "[n]early corresponding; resembling in many respects; somewhat alike; having a general likeness." *U.S. v. Lindsey,* 782 F.2d 116, 117 (8th Cir.1986) (citing *United States v. Werner,* 620 F.2d 922, 926 (2d Cir.1980)).

■ Joinder in this case is proper. Because all counts involve false representations made to financial institutions, the government has charged the defendants with crimes of similar character. *See U.S. v. Levine,* 983 F.2d 165, 167 (10th Cir.1992) (joinder of bank fraud and mail fraud charges proper where both charges result from attempts to defraud victims through the submission of falsified documents).

■ The court may, however, despite proper joinder under Rule 8, sever the counts of an indictment, for Rule 14 cautions that a court may grant a severance if the joinder is prejudicial. *See* Fed.R.Crim.P. 14. It is up to the defendant, however, to persuade the court that joinder is prejudicial. "The defendant bears a heavy burden of showing real prejudice from the joinder of the two counts." *United States v. Holland,* 10 F.3d 696, 699 (10th Cir.1993) (citing *United States v. Hayes,* 861 F.2d 1225, 1231 (10th Cir.1988)). Prejudicial joinder occurs when an individual's right to a fair trial is threatened. *Id.* at 699 (quoting *United States v. Sturmoski,* 971 F.2d 452, 460 (10th Cir. 1992)). "In deciding on a motion for severance, the district court has a duty to weigh the prejudice resulting from a single trial of counts against the expense and inconvenience of separate trials." *United States v. Hollis,* 971 F.2d 1441, 1456 (10th Cir.1992).

■ The defendants have not met their burden to show the court that the prejudice resulting from a single trial on all the counts against them will threaten their right to a fair trial. The defendants argue that they are prejudiced by the possibility that a jury may use the evidence of one crime to convict on the other or may cumulate the evidence under both charges. A district court, however-

er, is not required to sever the counts simply because the cumulative effect of evidence of similar misconduct might potentially prejudice the defendants. *See Hollis,* 971 F.2d at 1457; *United States v. Cox,* 934 F.2d 1114, 1120 (10th Cir.1991); *United States v. Taylor,* 800 F.2d 1012, 1017 (10th Cir.1986). Repetitive conduct, alone, is not likely to prevent a jury from independently and fairly evaluating each offense. *Hollis,* 971 F.2d at 1457 n. 8. Thus, defendants' motion for severance of Counts I and II from Count III of the indictment is denied.

## BILL OF PARTICULARS·

The defendants also move the court for an order directing the filing of a bill of particulars. For the reasons set forth below, this motion is also denied.

■ The grant or denial of a defendant's request for a bill of particulars rests within the sound discretion of the court. *United States v. Wright,* 826 F.2d 938, 942 (10th Cir.1987); *United States v. Gabriel,* 715 F.2d 1447, 1449 (10th Cir.1983). The purpose of a bill of particulars is to supplement the allegations in the indictment when necessary to: (i) enable the defendant to prepare his or her defense; (ii) avoid unfair surprise to the defendant at trial; and (iii) preclude a second prosecution for the same offense. *Gabriel,* 715 F.2d at 1449. The purpose of a bill of particulars is not to obtain discovery, evidentiary detail of the government's case, or information regarding the government's legal theories. *Id.; United States v. Eufrasio,* 935 F.2d 553, 575 (3rd Cir.1991). "Since the defendant is 'not entitled to know all the evidence the government intends to produce, but only the theory of the government's case,' the district court [does] not abuse its discretion in denying defendant's motion for a bill of particulars where defendant has been served with a sufficient indictment." *United States v. Dunn,* 841 F.2d 1026, 1030 (10th Cir.1988) (citing *United States v. Kendall,* 665 F.2d 126, 134 (7th Cir.1981), *cert. denied,* 455 U.S. 1021, 102 S.Ct. 1719, 72 L.Ed.2d 140 (1982)).

■ After reviewing the indictment, the court finds that it provides both defendants

with sufficient information to adequately prepare a defense, avoid surprise, and plead double jeopardy in the event of a later prosecution for the same offense. *See id.* at 1029. Thus, the motion of Fletcher Sapp and Ronald Sapp for a bill of particulars is denied.

## MOTION TO SUPPRESS

Upon agreement of the United States and defendants Fletcher and Ronald Sapp, the court orders that:

1. If neither defendant testifies, the Government may not put on testimony by Special Agents Jose Jimenez and George Dowden of the Federal Bureau of Investigation describing any statements by either defendant.

2. If Fletcher Sapp and/or Ronald Sapp testify and deny any of the statements made in the August 10, 1992 interview, the Government may impeach either or both Fletcher and Ronald Sapp with statements made to Special Agents Jose Jimenez and George Dowden. Furthermore, the Government may also call Agents Jimenez and Dowden on rebuttal to impeach Fletcher Sapp and/or Ronald Sapp's on rebuttal to impeach Fletcher Sapp and/or Ronald Sapp's testimony.

3. Nothing in this order restricts the defendants from objecting to the admissibility of the August 10, 1992 statements on grounds other than those stated in the motion to suppress.

**IT IS THEREFORE ORDERED BY THE COURT** that defendants' motion for relief from prejudicial joinder (Doc. # 20) is denied.

**IT IS FURTHER ORDERED** that defendants' motion for prejudicial joinder (Doc. # 19) is moot.

**IT IS FURTHER ORDERED** that defendants' motion for a bill of particulars (Doc. # 18) is denied.

**IT IS FURTHER ORDERED** that defendants' motions to suppress statements (Doc. # 17) is moot and that the use of certain testimony is restricted at trial as set forth above.