No. 73,507

STATE OF KANSAS, *Appellant,* v. KENNETH PAUL WRIGHT, *Appellee.*
(911 P.2d 166)

Opinion filed January 26, 1996.

*Leonard J. Dix,* county attorney, argued the cause, and *Carla J. Stovall,* attorney general, was with him on the brief for appellant.

*Edward C. Hageman,* of Edward C. Hageman, P.A., of Stockton, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

LARSON, J.: The State of Kansas, pursuant to K.S.A. 1994 Supp. 22-3602(b)(1), appeals from the dismissal of five counts of an eight-count indictment against Kenneth Paul Wright for insufficiency of the charges.

In September 1994, a Rooks County grand jury returned a true bill of indictment charging Wright, the Plainville Chief of Police, with eight counts, including criminal threat, stalking, harassment by telephone, and theft.

Prior to trial, Wright moved to dismiss the entire indictment or, alternatively, five of the eight counts. The trial court refused to dismiss the entire indictment but did dismiss the five counts.

Count 2, charging criminal threat, is as follows:

"That on or about the 17th day of June, 1994, the said **KENNETH PAUL WRIGHT**, within Rooks County, Kansas, then and there being, did then and there contrary to the Statutes of the State of Kansas unlawfully and feloniously threaten to commit violence communicated with the intent to terrorize another, to-wit: Julie Smith, or in reckless disregard of the risk of causing such terror in said Julie Smith, contrary to K.S.A. 21-3419(a)(1), 1993 Supp."

The trial court dismissed this charge because it found the charge "merely concludes the statutory elements without alleging any specific facts and does not assert what the Defendant allegedly did to threaten the victim."

Count 3, charging stalking, is as follows:

"That on or about or between the 1st day of June 1994 and the 20th day of July, 1994, the said **KENNETH PAUL WRIGHT**, within Rooks County, Kansas, then and there being, did then and there contrary to the Statutes of the State of Kansas unlawfully, feloniously, intentionally, and maliciously did follow or [*sic*] course of conduct directed at a specific person, to-wit: Julie Smith, when such following or course of conduct seriously alarmed, annoyed or harassed the said Julie Smith, and which served no legitimate purpose, contrary to K.S.A. 21-3438(a), as amended in Chapter 348, Section 13 of the 1994 Session Laws of Kansas."

Similarly, the trial court dismissed this count, reasoning it "merely concludes the statutory elements without alleging any spe-

cific facts and does not assert how the Defendant followed or what course of conduct the Defendant allegedly took to threaten the victim."

Count 4, charging harassment by telephone, is as follows:

"That on or about or between the 1st day of June 1994 and the 20th day of July, 1994, the said **KENNETH PAUL WRIGHT**, within Rooks County, Kansas, then and there being, did then and there contrary to the Statutes of the State of Kansas unlawfully and intentionally use telephone communication to make a telephone call or calls, whether or not conversation ensued, with the intent to abuse, threaten or harass any person, to wit: Julie Smith, at the called number contrary to K.S.A. 21-4113, 1993 Supp."

As with the second and third counts, the trial court found the charge "merely concludes the statutory elements without alleging any specific facts. The charge does not assert sufficient facts to specifically inform the Defendant as to what he allegedly did to abuse, threaten or harass the victim."

Counts 7 and 8 charge Wright with misdemeanor theft:

"That on or about or between the 1st day of January 1994 and the 1st day of August, 1994, the said **KENNETH PAUL WRIGHT**, within Rooks County, Kansas, then and there being, did then and there contrary to the Statutes of the State of Kansas unlawfully deprive the owner, to-wit: City of Plainville, Kansas, permanently of the possession, use or benefit of the owner's property by obtaining or exerting unauthorized control over property, to-wit: Defendant made non-official and unreimbursed telephone calls, on telephones numbered: (913) 434-2898 and (913) 434-2222, assigned to the Plainville Police Department of a value of less than $500.00, contrary to K.S.A. 21-3701(a)(1), as amended by Chapter 291, Section 26 of the 1994 Session Laws of Kansas."

"That on or about or between the 1st day of January 1994 and the 1st day of August, 1994, the said **KENNETH PAUL WRIGHT,** within Rooks County, Kansas, then and there being, did then and there contrary to the Statutes of the State of Kansas unlawfully and intentionally deprive the owner, to-wit: Solomon Valley Drug Task Force, permanently of the possession, use or benefit of the owner's property by obtaining or exerting unauthorized control over property, to-wit: Defendant made non-official and unreimbursed telephone calls, on telephones numbered: (913) 434-2037, (913) 434-7511, (913) 434-737-3066, (913) 737-3067, and (913) 737-3170, of a value of less than $500.00, contrary to K.S.A. 21-3701(a)(1), as amended by Chapter 291, Section 26 of the 1994 Session Laws of Kansas."

Both of these counts were dismissed because they did not "clearly inform the Defendant of the particular acts which violate the cited statute."

The State's appeal of the dismissal of these counts involves the construction of a written instrument, which is a question of law over which we have unlimited review. See *Galindo v. City of Coffeyville*, 256 Kan. 455, 463, 885 P.2d 1246 (1994).

The statutory requirements of a valid charging instrument are set forth by K.S.A. 1994 Supp. 22-3201:

"(a) Prosecutions in the district court shall be upon complaint, indictment or information.

"(b) The complaint, information or indictment shall be a plain and concise written statement of the essential facts constituting the crime charged, which complaint, information or indictment, drawn in the language of the statute, shall be deemed sufficient. The precise time of the commission of an offense need not be stated in the indictment or information; but it is sufficient if shown to have been within the statute of limitations, except where the time is an indispensable ingredient in the offense. An indictment shall be signed by the presiding juror of the grand jury. An information shall be signed by the county attorney, the attorney general or any legally appointed assistant or deputy of either. A complaint shall be signed by some person with knowledge of the facts. Allegations made in one count may be incorporated by reference in another count. The complaint, information or indictment shall state for each count the official or customary citation of the statute, rule and regulation or other provision of law which the defendant is alleged to have violated. Error in the citation or its omission shall not be ground for dismissal of the complaint, information or indictment or for reversal of a conviction if the error or omission did not prejudice the defendant.

"(c) When relevant, the complaint, information or indictment shall also allege facts sufficient to constitute a crime or specific crime subcategory in the crime seriousness scale.

"(d) The court may strike surplusage from the complaint, information or indictment.

"(e) The court may permit a complaint or information to be amended at any time before verdict or finding if no additional or different crime is charged and if substantial rights of the defendant are not prejudiced.

"(f) When a complaint, information or indictment charges a crime but fails to specify the particulars of the crime sufficiently to enable the defendant to prepare a defense the court may, on written motion of the defendant, require the prosecuting attorney to furnish the defendant with a bill of particulars. At the trial the state's evidence shall be confined to the particulars of the bill.

"(g) The prosecuting attorney shall endorse the names of all witnesses known to the prosecuting attorney upon the complaint, information and indictment at the time of filing it. The prosecuting attorney may endorse on it the names of other witnesses that may afterward become known to the prosecuting attorney, at times that the court may by rule or otherwise prescribe."

In discussing the sufficiency of an indictment or information, our court in *State v. Bird*, 238 Kan. 160, 166-67, 708 P.2d 946 (1985), stated:

"Sufficiency of the indictment or information is to be measured by whether it contains the elements of the offense intended to be charged and sufficiently apprises the defendant of what he must be prepared to meet, and by whether it is specific enough to make a plea of double jeopardy possible. *Russell v. United States*, 369 U.S. 749, 763-64, 8 L. Ed. 2d 240, 82 S. Ct. 1038 (1962). Although the accused has the right to know the nature of the charges against him, the information need not set forth all the specific evidentiary facts relied on to sustain the charge. However, if the allegations in an information fail to constitute an offense in the language or meaning of an applicable statute, the information is fatally defective. *State v. Robinson, Lloyd & Clark*, 229 Kan. 301; *State v. Doyen*, 224 Kan. 482, 580 P.2d 1351 (1978).

"In this state, the sufficiency of the information is governed by the guidelines of K.S.A. 1984 Supp. 22-3201(2), which provides:

'The complaint, information or indictment shall be a plain and concise written statement of the essential facts constituting the crime charged, which complaint, information, or indictment, drawn in the language of the statute, shall be deemed sufficient.'

"This court has repeatedly held that an information which charges an offense in the language of the statute is sufficient. *State v. Garner*, 237 Kan. 227, 237, 699 P.2d 468 (1985); *State v Lucas*, 221 Kan. 88, 89, 551 P.2d 1296 (1976); *State v. Barry*, 216 Kan. 609, 619, 533 P.2d 1308 (1974)."

The charging document in this case clearly charges each element of the offenses, and because the indictment is phrased in the words of the applicable statute, the State contends this is sufficient, relying on *State v. Garner*, 237 Kan. 227, 699 P.2d 468 (1985); *State v Lucas*, 221 Kan. 88, 551 P.2d 1296 (1976); and *State v. Barry*, 216 Kan. 609, 533 P.2d 1308 (1974). Nevertheless, Wright contends each count contains fatal shortcomings.

Wright contends the criminal threat count fails to allege he knew his threat would be communicated to the victim. This contention is without merit. Our criminal threat statute, K.S.A. 1994 Supp. 21-3419, does not require, as an element of the offense, that the defendant knew his or her threat would be communicated to the person terrorized. It is sufficient if there is an intent to terrorize or an act in reckless disregard of causing such terror.

Wright's contention that the count 3 of the indictment of stalking is defective presents a problem beyond that argued in the briefs. We have today in *State v. Bryan*, No. 73,987, held that K.S.A. 1994 Supp. 21-3438 is unconstitutional. Our decision in *Bryan* compels a finding that insofar as the indictment here relates to conduct which was alleged to have occurred subsequent to July 1, 1994, there is no crime upon which the charge could be based.

The indictment specifically states the supposedly improper conduct is "contrary to K.S.A. 21-3438(a), as amended in Chapter 348, Section 13 of the 1994 Session Laws of Kansas" which became effective July 1, 1994. Because the State has attempted to charge defendant with a felony when the 1993 version of our stalking statute provided that the crime was a class B misdemeanor, we conclude that count 3 would be an ex post facto violation as applied to conduct occurring during the time frame of the charge from June 1, 1994, to July 1, 1994. The indictment attempts to charge a violation of a statute which not only was not in effect during that period but also is unconstitutional. For these reasons we hold the trial court was correct in dismissing count 3, although not for the reasons it stated. See *Dickerson v. Kansas Dept. of Revenue*, 253 Kan. 843, 848, 863 P.2d 364 (1993).

The ultimate question this appeal raises is whether the indictments sufficiently apprise Wright of what he must be prepared to meet to defend himself and, if that information is not found in the indictment handed down by a grand jury, whether he is obligated to request a bill of particulars before asking for dismissal.

It is important to realize that the issues we consider here are *not* those raised and decided in *Wilbanks v. State*, 224 Kan. 66, 579 P.2d 132 (1978), which requires that a magistrate receive sufficient factual information to make an intelligent and impartial finding that there is probable cause that a specific crime has been committed and that the defendant has or is committing the crime and to inform the defendant of the particular offense with which he or she is charged before an arrest warrant may be issued. Here, we are dealing only with a charging instrument, the probable cause for which was not found by a judge but is the result of a grand jury convened pursuant to K.S.A. 22-3001 *et seq.*

The United States Supreme Court in *Branzburg v. Hayes*, 408 U.S. 665, 686-88, 33 L. Ed. 2d 626, 92 S. Ct. 2646 (1972), described the role of the grand jury as determining if there is probable cause to believe that a crime has been committed and of protecting citizens against unfounded criminal prosecutions. The Court referred to *Wood v. Georgia*, 370 U.S. 375, 390, 8 L. Ed. 2d 569, 82 S. Ct. 1364 (1962), in stating:

" 'Historically, [the grand jury] has been regarded as a primary security to the innocent against hasty, malicious and oppressive persecution; it serves the invaluable function in our society of standing between the accuser and the accused . . . to determine whether a charge is founded upon reason or was dictated by an intimidating power or by malice and personal ill will.' " *Branzburg*, 408 U.S. at 687 n.23.

See Barbara, Kansas Criminal Law Handbook §§ 8.5-8.12 (3d ed. 1992).

While the proceedings of the grand jury insure that a proper and constitutional determination of probable cause has been made, we also note that when the prosecution is commenced by the filing of a true bill of indictment, the accused does not have the right of a preliminary examination before a magistrate. K.S.A. 1994 Supp. 22-2902(1).

We need to further consider, in resolving the issues before us, that Wright attacked the indictment by a motion to dismiss without first moving for a bill of particulars which is constitutionally allowed under § 10 of the Kansas Constitution Bill of Rights and statutorily permitted under K.S.A. 1994 Supp. 22-3201(f).

Finally, it is important for our consideration to remember that while K.S.A. 1994 Supp. 22-3201(e) freely allows amendment of a complaint or an information, that right is not extended to an indictment, and the grand jury's term had expired when the motion to dismiss was considered.

While it is true, as the State argues, that a charging document drawn in the language of the statute may be sufficient to inform the defendant of what charge he or she faces, K.S.A. 1994 Supp. 22-3201(b); *State v. Hall*, 246 Kan. 728, 754, 793 P.2d 737 (1990), it is also necessary that it be sufficient to apprise the accused of

the accusation against the accused. See *State v. Ashton*, 175 Kan. 164, Syl. ¶ 4, 262 P.2d 123 (1953).

Although an indictment must be sufficiently specific to inform the accused of the charge he or she must defend, it need not be exhaustive of the evidence to be faced during trial. In *State v. Ribadeneira*, 15 Kan. App. 2d 734, 749, 817 P.2d 1105, *rev. denied* 249 Kan. 778 (1991), our Court of Appeals held that an information need not set forth all the specific evidentiary facts relied on to sustain the charge and that an information's allegations in the language or meaning of the statute are sufficient. Whether an indictment adequately informs the accused of the pending charge is determined by a practical commonsense construction of the charging instrument. See *Allen v. United States*, 867 F.2d 969, 971 (6th Cir. 1989). "[O]nce a specific offense has been identified, 'there is no further and independent requirement to identify the acts by which the defendant may have committed that offense.' " *State v. Pelky*, 131 N.H. 715, 719, 559 A. 2d 1345 (1989) (quoting *State v. Therrien*, 129 N.H. 765, 770, 533 A. 2d 346 [1987]).

A charging instrument does not have to be dismissed if it fails on its face to fully inform the defendant of the conduct that forms the basis of the specific offense charged. As noted in *State v. Ashton*, 175 Kan. at 174-75:

"Unlike bills of rights of some states section 10 of ours does not prescribe the degree of particularity and specifications required in an indictment or information. It guarantees only the right to every accused person to appear and 'demand the nature and cause of the accusation against him.' Appellant, as already indicated, had made no demand for a more elaborate or detailed statement of the facts but on the contrary joined issues on the charge as framed. Touching this precise point it was early said in *State v. Reno*, 41 Kan. 674, 21 Pac. 803:

'We think this is one of that class of cases in which the court might in its discretion require the prosecution to file a bill of particulars, but such bill of particulars will be required only in cases where the indictment or information does not of itself definitely and specifically set forth the facts, but sets them forth only vaguely or in such general terms that the defendant could not well know what he is required to defend against. Of course the defendant has the right in all cases to demand that the nature and the cause of the accusation against them shall be clearly and definitely set forth in the written charge against him. (Section 10, Bill of Rights) But where the complaint is sufficient in all particulars except that it states the facts constituting the offense only in general terms or vaguely,

and not in specific detail, *the defendant must, if he desires a more elaborate or detailed statement of the facts, set forth in his motion the portions of the indictment or information which he claims to be insufficient or defective, and point out to the court wherein he desires a fuller, more complete, more definite or more circumstantial or particular statement of the facts.* This was not done in the present case. The defendant's motion was certainly as objectionable in this respect as was the information, and the court below did not err in overruling it. We think the information was sufficient as against such a motion.' (p. 679.)

"In other words section 10 of our bill of rights grants an accused a privilege which he may exercise or waive as he sees fit." (Emphasis added.)

We have previously set forth herein the specific wording of K.S.A. 1994 Supp. 22-3201(f), which is the comprehensive provision of our criminal procedure relating to the charge. The statute allows an accused confronted with an indictment charging a crime which "fails to specify the particulars of the crime sufficiently to enable the defendant to prepare a defense" to request the court to require the prosecutor to furnish the bill of particulars and further restricts "the state's evidence [to] be confined to the particulars of the bill."

The 1969 Judicial Council note to K.S.A. 22-3201 states that subsection (5) (now 22-3201[f]) is taken from the Illinois Code of Criminal Procedure (now 725 Ill. Comp. Stat. 5/111-6 [1994]). The object or purpose of the bill of particulars, as set forth in Illinois cases, is to supplement a sufficient indictment with more specificity of detail to better understand the nature of the charges, and its effect is to limit the evidence to the transactions set out in the response to the bill of particulars. See *People v. Meyers*, 158 Ill. 2d 46, 53, 630 N.E.2d 811 (1994); *People v. Whitmer*, 369 Ill. 317, 321, 16 N.E.2d 757 (1938).

In discussing the usage of a bill of particulars under our Kansas Code of Criminal Procedure, we said in *State v. Henderson*, 226 Kan. 726, 734, 603 P.2d 613 (1979):

"A bill of particulars serves the dual purpose of informing the defendant of the nature of the charge and the evidence against him to enable him to prepare his defense, and of enabling the defendant to avoid further prosecution for the same offense. The State is restricted in its proof to the items specified in the bill of particulars. The purpose of this restriction is to prevent the State from charging the defendant with one crime and convicting him of something else. *State v. Frames*, 213 Kan. 113, 116, 117, 515 P.2d 751 (1973). We also said:

'It is not necessary for the prosecution to prove each and every factual statement contained in the bill of particulars. So long as the state proves all of the necessary elements of the particular crime charged, then the evidence is sufficient to convict regardless of whether every statement in the bill of particulars is proved.' (p. 117.)"

Because the remedy of a bill of particulars exists, and a request for such a bill was not made and denied, Wright was not precluded from asserting his substantial right to know the nature and cause of the accusation against him. Our situation is completely different from *State v. Garrison*, 252 Kan. 929, 934, 850 P.2d 244 (1993), where the State's argument that a bill of particulars could cure the lack of specificity was rejected because the State there opposed a request for a bill of particulars and forced the court to decide the validity of the information as written. Wright could have requested a bill of particulars here and failed to do so.

We addressed the failure to request a bill of particulars as a waiver of any right to greater factual detail in the charging instrument in *State v. Bird*, 238 Kan. at 167, where Chief Justice Schroeder opined:

"Nor was it a fatal defect that the information did not allege in what manner or means Darrel Carter was to aid and abet in the murder. . . . It was unnecessary to add to this the evidentiary details of the 'plans' in which Carter was asked to participate in order to charge a crime within the meaning of the statute. The term 'aid and abet' has been defined by case law and statute. See *State v. Burton*, 235 Kan. 472, 681 P.2d 646 (1984); K.S.A. 21-3205. Moreover, it is a commonly understood term. Additional specificity was not required in the information. Had the defendant wanted the 'manner or means' specified to aid him in his preparation of a defense, he could have requested a bill of particulars pursuant to K.S.A. 1984 Supp. 22-3201(5). This he failed to do."

Although Wright argues in his brief that a preliminary hearing would have apprised him of the nature of the crime charged and the evidence he would be required to meet upon trial, we have previously pointed out that such was not available here, nor was it required by due process. *State v. Boone*, 218 Kan. 482, 484-85, 543 P.2d 945 (1975), *cert. denied* 425 U.S. 915, *reh. denied* 425 U.S. 985 (1976). Similar protections to those afforded by a preliminary hearing are provided by the opportunity to request a bill of particulars. As to the details of what particular acts form the basis for

the alleged offenses, a bill of particulars would have secured Wright's rights without the need to dismiss the indictment.

As the above cases and K.S.A. 1994 Supp. 22-3201(f) illustrate, Kansas takes a broad view of the role of the bill of particulars, perhaps significantly broader than the general rule recited by 42 C.J.S., Indictments and Informations § 140:

"A bill of particulars ordinarily is not a part of an indictment or information, or a substitute therefor or an amendment or supplement thereto. . . . ·

"A bill of particulars usually is not designed to uphold an insufficient indictment, but only to be used where the indictment is sufficient on demurrer. It neither strengthens nor weakens an indictment or information. It cannot change the offense charged or in any way aid an indictment fundamentally bad. However, an indictment may be fleshed out by a bill of particulars; in determining the sufficiency of an indictment, a court may rely on the particularization of defendant's alleged wrongful behavior supplied by a bill. The bill may remove an objection on the ground of uncertainty and cure deficiencies as to form."

Our broad view is justified not only because of the specific statutory language but because of the broad language in § 10 of our Bill of Rights that any accused may "demand the nature and cause of the accusation against him."

This is also not a case where waiver should be the foundation for a decision adverse to the defendant, who did not request a bill of particulars as was the basis for the holding on this issue in *Bird* and *Ashton*. Neither of those cases involved a grand jury indictment, but their reasoning is persuasive that an accused should not be permitted to complain about lack of specificity when a constitutional and statutory remedy (the request for a bill of particulars) is available and not utilized.

What we have here is a defendant who chose to attack the indictment either before requesting a bill of particulars or with no intention of doing so. Given the legislative and judicial preference for substantial justice rather than technical formalities as the polestar of criminal procedure, we hold that where a defendant has not requested a bill of particulars, an indictment by a grand jury, drawn in the language of the statute, shall be deemed sufficient. See K.S.A. 1994 Supp. 21-3201(b).

Before an accused should be successful in challenging an otherwise statutorily sufficient indictment because it fails to fully inform the accused of the specific conduct which is the basis of the offenses charged,

" 'the [accused] must, if he desires a more elaborate or detailed statement of the facts, set forth in his motion [for a bill of particulars] the portions of the indictment or information which he claims to be insufficient or defective, and point out to the court wherein he desires a fuller, more complete, more definite or more circumstantial or particular statement of the facts.' " *State v. Ashton*, 175 Kan. at 175 (quoting *State v. Reno*, 41 Kan 674, 21 Pac. 803 [1889]).

If an accused who makes a proper request for a bill of particulars is unable to obtain the required details because the State opposes the request, the request is not granted by the trial court, or the bill of particulars furnished fails to contain sufficient information, the accused retains the right to challenge his or her indictment. However, after receiving a requested bill of particulars, the accused's challenge of the indictment must then be tested by considering, in addition to the indictment, the information contained in the bill of particulars.

This rule will give credence to the legislative intent that the provisions of K.S.A. 1994 Supp. 22-3201 are to be read in their entirety and construed to "secure simplicity in procedure, fairness in administration and the elimination of unjustifiable expense and delay." K.S.A. 22-2103.

We hold that in the absence of Wright's filing of a motion requesting a bill of particulars in this case, the trial court erred in dismissing four of the five counts of an indictment written in the statutory language charging each element of each offense, but which may have lacked sufficient detail as to the specific criminal conduct involved.

The final query in determining the sufficiency of the charging document is whether it permits a claim of jeopardy in a subsequent case. Such a determination in this case would be premature. An indictment need not be so detailed that, standing alone, it could bar later prosecution on the grounds of double jeopardy. *United States v. American Waste Fibers Co., Inc.*, 809 F.2d 1044, 1047 (4th Cir. 1987); see *U.S. v. Poole*, 929 F.2d 1476, 1479 (10th Cir.

1991) (whole record of trial, not indictment alone, is basis to determine scope of jeopardy). Again, one of the purposes of a bill of particulars is to "illuminate the dimensions of jeopardy." *United States v. Davis*, 582 F.2d 947, 951 (5th Cir. 1978). See *State v. Myatt*, 237 Kan. 17, 29, 697 P.2d 836 (1985); *State v. Henderson*, 226 Kan. at 734; see also *U.S. v. Sapp*, 835 F. Supp. 1346, 1348 (D. Kan. 1993) (purpose of bill of particulars is to supplement allegation in indictment to preclude second prosecution for same offense). Hence, the defendant should be required to request a bill of particulars before the court is warranted in dismissing the indictment as lacking sufficient factual details to establish a claim of double jeopardy.

Finally, Wright also complains of inconsistencies between the indictment and the arrest warrants. He cited no authority, however, to explain why such discrepancies should affect our determination of the sufficiency of the charges in the indictment.

Affirmed in part, reversed in part, and remanded for further proceedings.